Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 200304-68141
DATE: May 28, 2021

ORDER

Entitlement to service connection for the Veteran's cause of death is granted.

FINDINGS OF FACT

1. The Veteran's immediate cause of death was myelodysplastic syndrome.

2. The most probative evidence reflects that the Veteran's myelodysplastic syndrome was causally related to his service.

CONCLUSION OF LAW

The criteria for service connection for the cause of the Veteran's death has been met. 38 U.S.C. § 1310; 38 C.F.R. §§ 3.5, 3.312.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Army from February 1968 to December 1969, to include service in Vietnam. The Veteran died in January 2007. The appellant is his surviving spouse. 

The rating decision on appeal was issued in September 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. The September 2019 rating decision found that new and relevant evidence had been received to readjudicate the claim of entitlement to service connection for the Veteran's cause of death. This is a favorable finding by the agency of original jurisdiction (AOJ), and the Board will proceed to address the claim on the merits. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c).

In the February 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The death of a Veteran will be considered as having been due to a service-connected disability when the evidence establishes that such disability was either the principal or a contributory cause of death. 38 C.F.R. § 3.312(a). In order to establish service connection for the cause of the Veteran's death, the evidence must show that a disease or disability incurred in or aggravated by service either caused or contributed substantially or materially to cause death. 38 U.S.C. § 1310; 38 C.F.R. § 3.312(a). The service-connected disability will be considered as the principal (primary) cause of death when such disability, singly or jointly with some other condition, was the immediate or underlying cause of death or was etiologically related thereto. 38 C.F.R. § 3.312(b). 

To find that the disease or disability contributed to death, it must be shown that it contributed substantially or materially, that it combined to cause death, or that it aided or lent assistance to the production of death. 38 C.F.R. § 3.312(c)(1). It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection. 38 C.F.R. § 3.312(c)(1). For service connection to be granted for the cause of the Veteran's death, the Appellant must show (1) a cause of the Veteran's death is (or should be) service connected, or (2) a service-connected disability caused the Veteran's death. 

Service connection may be granted for a current disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). The requirement that a current disability exist is satisfied if the claimant had a disability at the time the claim for VA disability compensation was filed or during the pendency of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

Establishing service connection generally requires evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection can also be established under presumptive provisions; in particular, a presumption applies to diseases associated with exposure to certain herbicide agents. Under 38 C.F.R. § 3.307(a)(6), a veteran who, during active military, naval or air service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed during such service to an herbicide agent (to include Agent Orange), unless there is affirmative evidence to the contrary. See 38 C.F.R. § 3.307(a)(6), (d). In other words, if a veteran was exposed to an herbicide agent during active service, then, any disease that he has incurred, if found under 38 C.F.R. § 3.309(e), shall be service connected, even though there is no record of such disease during service. Notwithstanding the foregoing presumptive provisions, a claimant is not precluded from establishing service connection with proof of direct causation. Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994).

As noted above, the Veteran passed away in January 2007. The Veteran's death certificate lists myelodysplastic syndrome as his immediate cause of death. The appellant asserts that the Veteran developed this disease as a result of his exposure to herbicide agents, specifically Agent Orange, during service, and thus she is entitled to service connection for the Veteran's cause of death. 

The Veteran's service records show that he served in Vietnam from January 1969 to December 1969. Therefore, the Veteran has the requisite type of service in the Republic of Vietnam as defined by 38 C.F.R. § 3.313(a) and § 3.307(a)(6)(iii), and the presumption of exposure to herbicides agents under 38 C.F.R. § 3.307 applies. 

May 2006 private treatment records document a diagnosis of myelodysplastic syndrome. In a July 2017 opinion, the Veteran's oncologist, P.S. (initials used to protect privacy), asserted that the Veteran's myelodysplastic syndrome (MDS) was caused by his exposure to Agent Orange during the Vietnam War. P.S. explained that Agent Orange had been linked with several hematologic disorders and that studies were currently being conducted to demonstrate that Agent Orange was a causative agent for myelodysplastic syndrome. P.S. further explained that although myelodysplastic syndrome was not recognized as a presumptive illness linked to Agent Orange, there were several factors that supported his assertion including, the Veteran's younger age at the time of diagnosis, numerous cytogenic abnormalities indicating significant bone marrow injury, and that the Veteran's MDS was completely unresponsive to any temporizing therapy.

The record also contains several other opinions issued by physicians that assert that myelodysplastic syndrome is a chronic bone marrow cancer that can develop as a result of Agent Orange exposure. The record does not contain any negative nexus opinions.

As noted above, the Veteran served on the ground in Vietnam and is presumed to have been exposed to herbicide agents. The Veteran's private treatment records show that the he had a diagnosis of MDS. Additionally, the Veteran's private oncologist has opined that herbicide exposure is the most likely cause of the Veteran's MDS and this oncologist explained the factors in the Veteran's case which supported a finding that MDS was due to herbicide agent exposure. The Veteran's claims file does not contain any medical opinions to the contrary. The fact that MDS is not on the presumptive list is an insufficient reason to deny the claim. See Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007) (holding that the availability of presumptive service connection for some conditions based on exposure to Agent Orange does not preclude direct service connection for other non-presumptive conditions based on exposure to Agent Orange).

The United States Court of Appeals for Veterans Claims (CAVC) has observed that the benefit of the doubt rule does not require that a medical principle have reached the level of scientific consensus to support a claim for veterans' benefits. Wise v. Shinseki, 26 Vet. App. 517, 531 (2014) (noting that the benefit of the doubt standard reflects the nation's recognition of debt to our veterans and has assumed the risk of error in awarding benefits to the veteran).

Here, while the Veteran's MDS had not been deemed to be presumptively due to herbicide exposure, the appellant has presented a competent medical opinion which raises reasonable doubt as to whether this Veteran's MDS is causally related to herbicide exposure. As such, the criteria for entitlement to service connection for the Veteran's cause of death have been met. 38 U.S.C. § 5107(b); Wise, 26 Vet. App. at 531; Combee, 34 F.3d at 1042.

 

T. MAINELLI

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Saikh, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.